UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN WESLEY HORN,<br><br>     Plaintiff,<br><br> v.<br><br>GREGORY JONES,<br><br>     Defendants. | Case No. C21-5244 RJB-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Nothing date: December 22, 2021 |

This matter comes before the Court on plaintiff's motion to strike defendant's affirmative defenses. Dkt. 15. The affirmative defenses included in the defendant's answer to plaintiff's amended complaint are: (1) plaintiff has failed to state a claim upon which relief can be granted; (2) The actions of the defendant furthered legitimate penological goals and are therefore constitutional even if they infringed upon a constitutional right; and (3) defendant is entitled to qualified immunity. Dkt. 13 ("Answer to Amended Complaint").

DISCUSSION

Under Fed. R. Civ. P. 12(f), "the court may strike from a pleading an insufficient defense." Motions to strike affirmative defenses are generally disfavored, but the court may strike defenses that fail to comply with the pleading requirements of Fed. R. Civ. P. 8(a) or are redundant of matters raised in the defendant's denial. *MacLay v. M/V SAHARA*, 926 F. Supp. 2d 1209, 1217 (W.D. Wash. 2013). Furthermore, affirmative

ORDER-1

defenses must meet the standards of Fed. R. Civ. P. 12(b)(6). Thus, when viewed in the light most favorable to the pleader, if the affirmative defense fails to state a claim upon which relief can be granted, it shall be dismissed. *Id.*

"An affirmative defense raises matters extraneous to the plaintiff's prima facie case; as such, they are derived from the common law plea of 'confession and avoidance.'" *Blakeney v. Karr*, No. C13-5076 BHS/KLS, 2013 WL 2446279, at *1 (W.D. Wash. June 5, 2013) (*quoting* 5 C. Wright & A. Miller, Federal Practice & Procedure § 1270, at 289 (1969)). Affirmative defenses generally do not include defenses that negate an element of a plaintiff's prima facie case. *Id.* (*citing* 2A J. Moore & J. Lucas, Moore's Federal Practice ¶¶ 8.27[1], 8.27[4] (2d ed.1985)). Thus, a claim that a plaintiff has failed to state a claim for which relief can be granted is not viewed as a proper affirmative defense. *See e.g., Id.; J & J Sports Prods., Inc. v. Romero,* 2012 WL 2317566, at *4 (E.D. Cal. June 18, 2012) ("failure to state a claim [is] an impermissible affirmative defense"). As follows, defendant's first affirmative defense is STRICKEN.

As for defendant's affirmative defense that his actions "furthered penological goals and are therefore constitutional," the Court DENIES plaintiff's motion to strike. To state a First Amendment retaliation claim, plaintiff must show: "(1) that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson,* 408 F.3d 559, 567–68 (9th Cir.2005). Defendant stating that his actions *were* in furtherance of penological goals is a defense, essentially stating that the defense will bring forth evidence to establish the fifth element of plaintiff's burden of

ORDER-2

proof has not been met. Therefore it is a defense, but it is not an affirmative defense and will not be stricken by the Court simply because it was mis-characterized.

Regarding qualified immunity, the United States Supreme Court has stated this is an immunity from suit and should be analyzed at the earliest possible opportunity, *Pearson v. Callahan,* 555 U.S. 223, 232 (2009); yet, if the court does not decide a motion in favor of the defendant on qualified immunity during pretrial stages of a case, it can be an affirmative defense at trial. *See, Morales v. Fry,* 873 F.3d 817, 823 (9th Cir. 2017).

In this situation, it would be premature for the court to make a ruling on qualified immunity on plaintiff's motion to strike. Further factual development has been described in the motions for summary judgment (Dkt. 19, plaintiff's motion for summary judgment; Dkt. 20, defendant's motion for summary judgment) and this will provide the court additional clarity on the precise nature of the allegations, claims, and defenses of each party. Therefore, plaintiff's request for dismissal of the qualified immunity affirmative defense should be denied.

## CONCLUSION

Accordingly, Plaintiff's motion to strike should be GRANTED in part. Affirmative Defense No. 1 (failure to state a claim) contained in defendant's answer to plaintiff's amended complaint is stricken because it is not an affirmative defense, or a factual defense at trial. The remainder of plaintiff's motion to strike should be DENIED.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for

ORDER-3

purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on December 22, 2021, as noted in the caption.

Dated this 8th day of December, 2021.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge

ORDER-4