UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN WESLEY HORN,<br><br>      Plaintiff,<br>  v.<br><br>GREGORY JONES,<br><br>      Defendants. | Case No. C21-5244 RJB-TLF<br><br>REPORT AND RECOMMENDATION<br><br>NOTING DATE: MARCH 16, 2022 |

Before the Court are the motions for summary judgment of Plaintiff John Horn[1] and Defendant Gregory Jones. Dkt. 19; Dkt. 20. Plaintiff has sued Defendant under 42 U.S.C. § 1983 for retaliating against them for activities protected by the First Amendment. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons below, the undersigned recommends the Court deny Plaintiff's motion for summary judgment, grant Defendant's motion and dismiss the complaint with prejudice.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff is a Washington State prison inmate currently incarcerated at the Stafford Creek Correctional Center (SCCC) who has filed a complaint against Defendant, a Correctional Unit Supervisor at SCCC, alleging a violation of their civil

---

[1] Plaintiff prefers the pronouns "they", "them" or "their". Dkt. 19 at 2, n. 1.

REPORT AND RECOMMENDATION - 1

1  rights under 42 U.S.C. 1983. Dkt. 5. On May 18, 2021, the Court granted Plaintiff's
2  Motion for Leave to Amend his Complaint. Dkt. 11.

3       As of January 14, 2019, Plaintiff lived in cell H3-A78 within the A-Pod with their
4  cellmate. Dkt. 21 (Declaration of Gregory Jones) at ¶ 3. Defendant states that he was
5  informed by SCCC Officer Sansom that Plaintiff and their cellmate engaged in "physical
6  contact" on February 8, 2019. *Id.* Officer Samson consequently completed an Incident
7  Report and Behavior Observation Entry. *Id.* at Exhibit 2. Defendant also contacted the
8  Prison Rape Elimination Act coordinator and Shift Lieutenant in response to Officer
9  Samson's report. *Id.* at 3. As a result, Defendant instructed that Plaintiff move to a
10 different cell in the B-Pod. *Id.* at 4.

11      Plaintiff filed a Grievance with SCCC administration regarding his cell transfer on
12 February 10, 2019. Dkt. 21 at ¶ 11. Defendant was interviewed about the grievance on
13 April 9, 2019. *Id.* Grievance coordinator, J. Wright, concluded that Defendant "had the
14 authority to make cell moves at his/her discretion." *Id.* at ¶12.

15      As of March 2019, SCCC participated in the Freedom Tails dog program, which
16 matched offenders with dogs in need of training. *Id.* at 6. A new group of dogs was
17 anticipated to arrive at SCCC in March or April 2019. *Id.* Defendant alleges that to
18 accommodate the dogs and inmates participating in the program, he and other facility
19 staff had to shift inmates into different cells. *Id.* at 7. One of the inmates required to
20 move was Plaintiff on March 8, 2019. *Id.* A total of 15-20 inmates were moved by March
21 8, 2019, to accommodate the dog program. *Id.* at 9. It was not until March 26, 2019 that
22 Defendant was advised that the dog program had been discontinued by SCCC's
23 partner, Grays Harbor PAWS. *Id.* at 10.

24
25

# LEGAL STANDARDS

**A. Summary Judgment Standard**

Summary judgment is proper when the pleadings, discovery and affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

When applying these standards, the Court must draw all reasonable inferences in favor of the non-moving party. *United States v. Johnson Controls, Inc.*, 457 F.3d 1009, 1013 (9th Cir.2006). The moving party can carry its initial burden by producing affirmative evidence that negates an essential element of the nonmovant's case, or by establishing that the nonmovant lacks the quantum of evidence needed to satisfy his burden of persuasion at trial. *Block v. City of Los Angeles*, 253 F.3d 410, 416 (9th Cir.2001).

Once this has occurred, the procedural burden shifts to the party opposing summary judgment. That party must go beyond the pleadings and affirmatively establish a genuine issue on the merits of his case. Fed.R.Civ.P. 56(e). The nonmoving party must do more than simply deny the veracity of everything offered or show a mere "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The existence

of a scintilla of evidence is likewise insufficient to create a genuine factual dispute. *Anderson*, 477 U.S. at 252. The nonmoving party must demonstrate that the disputed fact is material, and that the dispute is genuine. *Anderson*, 477 U.S. at 248–49.

The nonmoving party's failure of proof "renders all other facts immaterial," creating no genuine issue of fact and thereby entitling the moving party to the summary judgment it sought. *Celotex Corp.*, 477 U.S. at 323. However, if there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment may not be granted. *Anderson*, 477 U.S. at 250.

**B.  42 U.S.C. § 1983**

To be entitled to relief under 42 U.S.C. § 1983, a plaintiff must show: (i) the conduct complained of was committed by a person acting under color of state law; and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is not merely a "font of tort law." *Parratt*, 451 U.S. at 532. That plaintiff may have suffered harm, even if due to another's negligent conduct, does not in itself, necessarily demonstrate an abridgment of constitutional protections. *Davidson v. Cannon*, 474 U.S. 344, 347 (1986). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of. *Id.* (quoting *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)). In addition, government officials may not be held liable for the

unconstitutional conduct of their subordinates under a theory of respondeat superior. . . . *See Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 691 (1978) (finding no vicarious liability for a municipal "person" under 42 U.S.C. § 1983). Because vicarious liability is inapplicable to § 1983 suits, a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution.

## DISCUSSION

### A. Qualified Immunity

The Court should grant Defendant's motion for summary judgment with respect to Plaintiff's request for damages because the Defendant is entitled to qualified immunity.

Unless Plaintiff makes a two-part showing, qualified immunity shields government officials from liability. The plaintiff must show both: (a) that the official(s) violated a federal statutory or constitutional right and (b) that—at the time of the alleged act or failure to act—there was clearly established law that defined the contours of the federal right, such that every reasonable official would understand that what they are doing is unlawful. *Escondido v. Emmons*, 139 S. Ct. 500, 503 (2019).

When qualified immunity is reviewed in the context of a defense motion for summary judgment, the evidence must be considered in the light most favorable to the plaintiff with respect to central facts. *Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (per curiam). If there is a genuine issue of material fact concerning both: (1) Whether it would be clear to a reasonable officer that their conduct was unlawful under the circumstances they confronted, and (2) Whether the defendant's conduct violated a

constitutional right" then summary judgment granting qualified immunity is not appropriate. *Bonivert v. City of Clarkston*, 883 F.3d 865, 871-72 (9th Cir. 2018).

As discussed below, viewed in the light most favorable to Plaintiff, the facts do not show that Defendant's acts violated Plaintiff's Constitutional rights. Accordingly, Defendant is entitled to qualified immunity because the first prong of the qualified immunity test is not satisfied.

**B. Plaintiff's First Amendment Retaliation Claim**

Plaintiff contends that Defendant retaliated against them for filing a grievance by transferring them to another cell.

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012) (citation omitted); *Shepard v. Quillen,* 840 F.3d 686, 688 (9th Cir. 2016) (A "corrections officer may not retaliate against a prisoner for exercising his First Amendment right to report staff misconduct."). To prevail on a First Amendment retaliation claim, a prisoner must prove that: (1) he or she engaged in conduct protected under the First Amendment; (2) the defendant took adverse action; (3) the adverse action was causally related to the protected conduct; (4) the adverse action had a chilling effect on the prisoner's First Amendment activities; and (5) the adverse action did not advance a legitimate correctional interest. *Watison*, 668 F.3d at 1114. "[F]or an inmate to show a chilling effect, the harm need only be 'more than minimal.'" *Shepard*, 840 F.3d at 691 (quoting *Watison*, 668 F.3d at 1114).

Defendant has met his burden of showing an absence of a genuine dispute of material fact, as he has identified shortcomings in Plaintiff's attempts to show a genuine

dispute of material fact concerning whether defendant's actions were motivated by Plaintiff's protected conduct, and whether those actions did not advance a legitimate penological interest. Dkt. 20, pp. 8-9; see *Watison*, 668 F.3d at 1114–15; *Celotex Corp.*, 477 U.S. at 323.

The timing of events is the only evidence Plaintiff presents that Defendant had them transferred because of their protected litigation activity. That is, Plaintiff filed a grievance with administration after their first cell move and Defendant moved Plaintiff again from cell H3-064 to H1-031 less than a month after Plaintiff's grievances and kiosk messages to Defendant. Plaintiff filed a Grievance with SCCC administration regarding his cell transfer on February 10, 2019. Dkt. 21 at ¶ 11. As Defendant points out, he has produced facts showing that Plaintiff was transferred to a different cell before the Defendant learned about Plaintiff's grievance. Dkt. 21 at ¶ 11. Plaintiff has not produced evidence to rebut those facts.

While timing can be considered circumstantial evidence of retaliatory motive, timing alone cannot establish retaliation. *Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir. 1995). Overall circumstances of the alleged retaliation must be considered, and not simply the order of events. *See id.* Defendant only learned of the grievance on April 9, 2019, when he was interviewed by Grievance Coordinator J. Wright. *Id.* Moreover, Plaintiff does not point to any evidence – other than the timing of Defendant's actions -- to show that their grievance motivated Defendant's actions in executing a transfer. Plaintiff must show more than this timing for his retaliation claim to withstand summary judgment. *Pratt*, 65 F.3d at 808.

Plaintiff has also failed to rebut Defendant's showing that his actions were taken to advance a legitimate penological interest. Preserving institutional order, discipline, and security are legitimate penological goals that will defeat a claim of retaliation where they motivated the official act in question. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985) ("Challenges to restrictions of first amendment rights must be analyzed in terms of the legitimate policies and goals of the correctional institution in the preservation of internal order and discipline, maintenance of institutional security, and rehabilitation of prisoners."). The burden is on the plaintiff to allege and prove that legitimate correctional purposes did not motivate the actions that they complain of. *See Pratt*, 65 F.3d at 806, 808. In evaluating Defendant's' "proffered legitimate penological reasons," this Court must "'afford appropriate deference and flexibility' to prison officials." *Id.* at 807 (quoting *Sandin v. Conner*, 515 U.S. 472, 482 (1995)).

Here, Defendant presented evidence that his decision to transfer Plaintiff furthered a legitimate penological interest. Specifically, it was necessary for Defendant to move several inmates, including Plaintiff, to different cells in preparation for the anticipated dog program. Dkt. 21 at ¶ 6-7; Exhibit 5. And the movement of inmates requires the consideration of multiple factors including, safety and security, compatibility of inmates, offender treatment and rehabilitative needs, medical or mental health issues, length of incarceration, height/weight/age, hygienic self-disciple, PREA and Security Threat Group Concerns. *Id.* at ¶ 8.

Accordingly, Plaintiff has failed show a genuine dispute of material fact with respect to at least two elements of a § 1983 retaliation claim: that retaliation was the "motivating factor" in Defendant's actions and that Defendant did not act to further

legitimate penological interests. The Court should therefore grant summary judgment for Defendant on this claim.

## CONCLUSION

Based on the above discussion, the undersigned recommends the Court grant Defendant's motion for summary judgment, deny Plaintiff's motion for summary judgment, and dismiss Plaintiff's complaint. Viewed in the light most favorable to Plaintiff, the facts do not show a genuine dispute of material fact that Defendant's acts violated Plaintiff's Constitutional rights. Accordingly, Defendant is entitled to qualified immunity because the first prong of the qualified immunity test is not satisfied.

If the Court adopts the undersigned's Report and Recommendation, leave to proceed *in forma pauperis* for purposes of appeal should be allowed. *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002); 28 U.S.C. § 1915(a)(3).

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 6; FRCP 72(b). Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985).

Accommodating this time limitation, this matter shall be set for consideration on **March 16, 2022**, as noted in the caption.

DATED this __2__ day of __March__, 2022

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

NOTING DATE: MARCH 16, 2022 - 9